## Commonwealth ex rel. Carr v. Ceraul

*John D. Carr*, p. p., relator.

*Russell Kowalyshyn*, Assistant District Attorney, and *Andrew L. Herster, Jr.*, District Attorney, for respondent.

PALMER, J., April 10, 1961.—This matter is before the court upon a "hand-made" petition and rule to show cause why a writ of habeas corpus should not issue in which it is alleged petitioner is being illegally detained in the Northampton County Prison.

The facts may be summarized as follows:

On November 14, 1958, an information was lodged against petitioner charging him with fraudulent conversion and cheating by false pretense in that after representing himself as a slater to a Mrs. Sallie Foster, a feeble-minded person, and doing slating work on her residence, he demanded and received from her $650 and thereafter gave her a receipt for $20. It is averred in the information that while petitioner claimed to have no knowledge of this money, $550 was found concealed in his truck.

On December 20, 1958, a warrant issued which was served on December 23, 1958. At the conclusion of a hearing held the same day, petitioner was bound over under bail for appearance in court. On February 9, 1959, the grand jury of Northampton County returned a true bill charging petitioner with fraudulent conversion and cheating by false pretense.

On April 13, 1959, petitioner endorsed his plea of guilty on the face of the indictment and on the next day appeared before the writer of this opinion for sentence. At that time, he was represented by an experienced attorney of his own choosing. When the court asked whether defendant had a prior record, the assistant district attorney replied in the negative, and petitioner stated he had been in trouble about three years before in Allegheny County and had been sentenced to the Allegheny County Work House for six months. Imposition of sentence was thereupon suspended, and defendant was directed to make restitution, pay a sum equivalent to the costs and placed upon probation with the Pennsylvania Board of Parole for a period of three years.

On June 3, 1959, the court was advised by the Pennsylvania Board of Parole, in a written report contained in the record, that petitioner had violated his probation. Attached to this report was a Pennsylvania State Police Bureau of Criminal Identification record dated May 15, 1959. This report discloses petitioner had a continuous record of false pretense, larceny and robbery charges commencing in 1935 and continuing until the date of his arrest on the current charges. He repeatedly had been incarcerated for these offenses.

Upon learning of petitioner's violation of his probation and of his extensive prior record, the court ordered petitioner to be brought before it as a probation violator. Petitioner appeared before the court on June 8, 1959, again represented by counsel of his own choosing, at which time he admitted his prior record and his probation officer testified as to his violations of probation. The court thereupon revoked his probation, rescinded the order entered April 14, 1959, and committed him to the Eastern Diagnostic and Classification Center for a period of not more than five nor less than two and one-half years. As soon as this sentence

was imposed, petitioner asked to be permitted to change his plea, which application was denied.

Thereafter, it appearing petitioner had been improperly sentenced to the Eastern Diagnostic and Classification Center, he was returned to Northampton County, and on July 27, 1959, the sentence of June 8, 1959, was vacated and defendant was committed to the Northampton County Prison for a period of not more than five nor less than two and one-half years, to be computed from the date of commitment.

Thereafter, petitioner lodged an appeal to the Superior Court, which appeal was dismissed for lack of prosecution.

On October 24, 1960, petitioner lodged the instant rule to show cause why a writ of habeas corpus should not issue, together with an application to proceed in forma pauperis. On November 1, 1960, the rule issued and on the same date experienced counsel was appointed to represent him.

On December 19, 1961, the matter was heard, and on April 4, 1961, argument was held.

As is so frequently the case in "hand-made" petitions of this nature, the language is such that it is difficult to ascertain the precise grounds for the application. In this case, they appear to be as follows:

1. Petitioner alleges he was denied due process in that he was arrested without a warrant and was not afforded a hearing until 39 days thereafter.

It is well established that a petition for a writ of habeas corpus may not be used to attack the sufficiency or regularity of proceedings prior to the return of the indictment by a grand jury. In any event, the transcript disclosed that a warrant did issue, a hearing was held on the day it was served, at the conclusion of which petitioner was released in bail.

2. The indictment was defective since the money involved was found by the police after petitioner had

obtained it, and was deposited by the police in the defrauded woman's bank account. Petitioner states "It is impossible, improbable, and impractical to be accused of fraud when there has been no monetary gain to the appellant."

There is, of course, no merit in this allegation. Certainly in order for fraudulent conversion and false pretense to lie it is not necessary that defendant receive a permanent monetary gain.

3. The "trial" judge expressed a personal opinion on the weight of the evidence when he said, "If I knew you had a previous record, I would have given you the same sentence."

The fact of the matter is, of course, there was no trial. Petitioner pleaded guilty. This allegation clearly is without merit.

4. Petitioner alleges counsel of his own choice "wilfully intimidated" him by a "display of official arrogance" and had him "plead guilty to a deal" and thereafter "did not enter exceptions to the charge" or file a motion in arrest of judgment.

There is no testimony in this record of any "deal" on the part of defendant's counsel nor any evidence which would support the charge that defendant's counsel caused him to plead guilty by intimidation. Since what was involved was a guilty plea, counsel certainly could not enter exceptions to the "charge" nor file a motion in arrest of judgment.

5. The complainant "gave testimony injurious to petitioner although she was not mentally capable of giving testimony."

The complaining witness did not testify in court. She may have testified at the aldermanic hearing. However, if she did, and if her testimony served as the basis of establishing a prima facie case, any error in this regard was corrected by the entry by petitioner of his guilty plea.

6. Petitioner complains of the refusal of the court to permit him to withdraw his plea of guilty after imposition of sentence.

Granting leave to defendants charged with crimes to change their pleas from guilty to not guilty is, of course, within the sound discretion of the court. In exercising its discretion and refusing to permit petitioner in this case to change his plea, the court took into consideration his testimony in his initial plea of guilty, his misrepresentation to the court at that time of his prior criminal record, the extent of that record, and his violations of probation. The court also took into consideration the fact that no application for change of plea was made until immediately after the imposition of sentence. In our view, there is no merit in this complaint.

7. The act upon which the prosecution was based is unconstitutional.

Petitioner did not press this ground either in his petition nor in the argument before the court and it, therefore, need not here be considered.

8. The evidence presented was inadequate.

Again it must be remembered that what was here involved was a guilty plea rather than a trial. The arresting officers testified as to what had occurred, and petitioner did not deny their statements.

9. The sentencing court was improperly constituted, since only one judge rather than three judges presided.

There is no merit in this contention. It is not the law in Pennsylvania that defendants must be sentenced by a court en banc.

10. Petitioner was placed in double jeopardy in that he was twice sentenced by the court on the same charge.

Petitioner was not placed in double jeopardy. When he first entered his plea, imposition of sentence was suspended and he was placed upon probation. There-

after he was sentenced to the Eastern Diagnostic and Classification Center. This sentence subsequently was corrected in order that petitioner would serve his term in Northampton County Prison. In any event, double jeopardy applies only to capital cases.

For these reasons the rule to show cause why the writ of habeas corpus should not issue is discharged.

*Order*

And now, April 10, 1961, the rule to show cause why a writ of habeas corpus should not issue is discharged.